UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTONIO ESCOBAR	*

    VS	* C.A. NO. B95 143

CAMERON COUNTY SHERIFF	*
ALEX PEREZ, and

CAMERON COUNTY JAIL	*
ADMINISTRATOR GUS REYNA

---

ANTONIO ESCOBAR, Pro Se

Commissioners Court (Richard O. Burst and Dylbia L. Jefferies, Attorneys), attorney for Defendants

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Defendants' Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's opposition to same. The Honorable Filemon B. Vela, District Judge having jurisdiction over the above-styled and numbered proceedings, has directed this Court to consider the matter and file a report and recommendation herein.

This Court has read the parties' pleadings and considered the issues raised in light of the record and the applicable law, and is of the opinion that Defendants' Motion to Dismiss should be granted. In support of the aforementioned opinion, this Court files the following findings of fact and conclusions of law.

1. This is a complaint for violation of civil rights filed on September 5, 1995, pursuant to 42 U.S.C. § 1983, against the CAMERON COUNTY SHERIFF and CAMERON COUNTY JAIL ADMINISTRATORS.

2. Plaintiff's factual allegation in support of his constitutional claims is that he was placed in the general prison population instead of a segregated cell and that as a consequence of this misplacement he was assaulted by other inmates. Plaintiff claims that because he used to be a security guard he should have been placed in protective custody as called for by the policy of the Cameron County Jail.

3. Defendant ALEX PEREZ (PEREZ) and Defendant GUS REYNA (REYNA) are entitled to immunity. At all times mentioned in the Original Complaint, PEREZ and REYNA were employed by Cameron County, Texas, and acting in their official

3

capacities. There are no allegations that either PEREZ or REYNA engaged in conduct which would violate clearly established statutory or constitutional rights, and, therefore, they are protected from individual liability under the doctrine of qualified immunity.

4. Plaintiff has failed to allege a cause of action against PEREZ or REYNA for a constitutional deprivation or for negligence. (A *fortiori*, Plaintiff has failed to allege with sufficient particularity facts to overcome qualified immunity as to PEREZ and REYNA. In <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341 (5th Cir. 1995) the court set out the standard for review on appeal:

> "We review a Rule 12(b)(6) dismissal de novo. We must accept all well-pleaded facts as true, and we view them in the light most favorable to the plaintiff. We may not look beyond the pleadings. A dismissal will not be affirmed if the allegations support relief on any possible theory. <u>McCartney v. First City Bank</u>, 970 F.2d 45, 47 (5th Cir. 1992)."

5. Sheriff PEREZ and Jail Administrator REYNA cannot be held liable vicariously. In <u>Mouille v. City of Live Oaks,</u>

4

<u>Texas</u>, 977 F.2d 924, 929 (5th Cir. 1992) the Court stated:

> "Well settled Section 1983 jurisprudence established that supervisory official cannot be held vicariously liable for their subordinate's actions. [Citations omitted.] Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. [Citations omitted.]"

Neither affirmative acts of PEREZ and REYNA nor unconstitutional policy implemented by them is pleaded.

Because of the foregoing, this Court respectfully recommends that Defendants' Motion to Dismiss be **GRANTED** and this cause of action be **DISMISSED with prejudice.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

5

DONE at Brownsville, Texas, this 29 day of September, 1998.

_____
John Wm. Black
United States Magistrate Judge